UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - -X

UNITED STATES,

                        Plaintiff,

                                    ORDER
    - against -

                                   CR 2007-789 (JBW)(MDG)

ARTHUR WEBSTER,

                       Defendant.

- - - - - - - - - - - - - - - - - -X

The defendant has submitted a letter seeking relief from the Court in which he describes the conditions of the halfway house to which he had been assigned, Brooklyn House Residential Reentry Center ("RRC"), and complains about an incident involving a search of his room by RRC staff. See Letter (ct. doc. 38). Defendant objects to his subsequent removal from the RRC program following the incident, his return to incarceration at Metropolitan Detention Center Brooklyn ("MDC Brooklyn"), and disciplinary sanctions he received as a result of the incident which resulted in a delay of his release until November 1, 2013. See id. The Honorable Jack B. Weinstein has referred defendant's letter to me for investigation and report. See Order (ct. doc. 39).

The Court requested the Bureau of Prisons ("BOP") to provide information on the incident and resulting disciplinary measures. In a letter dated September 24, 2013 and attached hereto, see Ex. A (BOP Letter), Tracy Rivers, a BOP Residential Reentry Manager gave a different version of the incident, and advised that as a result of the incident, the BOP considered Mr. Webster "a program failure, removed [him] from the [Residential Reentry Center] program, and

remanded [him] to secure custody" at FCI Allenwood, see id. at 1.
She stated that a Disciplinary Hearing Officer (DHO) had sanctioned the defendant "27 days loss of Good Conduct Time [and] 40 days loss of non-vested Good Conduct Time" and defendant "now has a projected release date of November 1, 2013 via Good Conduct Time Release." See id. at 2.

Additionally, the BOP provided a copy of a letter it sent the defendant on August 23, 2013, discussing the sanctions imposed, describing the procedures for appeal, and providing a blank appeal form. See Exs. B (Letter), C (Appeal/Grievance Form). The letter indicates that the defendant had 20 days to file for an administrative remedy from the date he received the notice.

Based on the limited information provided to the Court, it is not clear whether the defendant has exhausted the administrative remedies available him to contest the imposition of sanctions prior to seeking relief from this Court.[1] To the extent that the defendant seeks restoration of his Good Conduct Time, which would result in an earlier release date, such a claim is properly brought as a petition for a writ of habeas corpus, which requires exhaustion of administrative remedies prior to seeking such relief. See Hinebaugh v. Wiley, 137 F. Supp. 2d 69, 74 (N.D.N.Y 2001) (a federal prisoner seeking restoration of his good-time credits and expungement of his disciplinary record . . . challenged the "fact and duration" of his confinement and "his sole remedy in federal court is a properly filed habeas petition under 28 U.S.C. § 2241");

---

[1] Ms. Rivers responded in a telephone call to Chambers that she cannot verify whether the defendant has actually filed an appeal from the sanctions notice. Additionally, Ms. Rivers indicated that there is no time limitation on filing a grievance, and that the form used to file a grievance is the same as the appeal form it attached to its August 23, 2013 letter.

see also Carmona v. U.S. Bureau of Prisons, 243 F.3d 629, 634 (2d Cir. 2001) ("federal prisoners must exhaust their administrative remedies prior to filing a petition for habeas relief"); Longshore v. Holder, 37 Fed. App'x 8, *1 (2d Cir. 2002) (holding that a petitioner who sought to challenge revocation of his parole via 28 U.S.C. § 2241 had not made a sufficient showing of cause where instructions on administrative appeals were clear).

However, because it is unclear whether the defendant has availed himself of any administrative remedies, he is invited to respond to this order and the substance of Ms. Rivera's letter, preferably before October 11, 2013, but in any event, no later than October 18, 2013. If necessary, the plaintiff may request additional time to respond by submitting a request to the Court prior to October 18, 2013. Additionally, the defendant is advised that he may use the appeal/grievance form, attached as Exhibit C to this order, to file a grievance with the BOP with respect to the incident he describes in his letter, or, as set forth in the BOP's August 23, 2013 letter, he may appeal the imposition of sanctions directly.

**SO ORDERED.**

Dated: Brooklyn, New York
September 27, 2013

/s/_____
MARILYN D. GO
UNITED STATES MAGISTRATE JUDGE